IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TCHNAVIAN R. DAILEY,<br>Plaintiff, | * * * * | |
| vs. | * * | DOCKET NO. _____ |
| KOCH FOODS, LLC, a/k/a KOCH<br>FOODS OF CHATTANOOGA,<br>JAMIE RUSSELL, and KATHY<br>RAWLSTON, jointly and severally and<br>personally and individually,<br>Defendants. | * * * * * * | JURY DEMANDED |

## COMPLAINT FOR DISCRIMINATION IN VIOLATION OF TITLE VII

Comes now, Tchnavian R. Dailey, Plaintiff (hereinafter referred to as "Dailey"), by and through counsel, and for her Complaint for Discrimination in Violation of Title VII states as follows:

### A. JURISDICTION

1. This action is brought on behalf of Tchnavian Dailey to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. and the Rehabilitation Act of 1973 29 U.S.C. §701 et seq.

2. This Court has jurisdiction of the action under 42 U.S.C. §2000e et seq. and 28 U.S.C. §1331 and 28 U.S.C. §1332.

3. Defendant Koch Foods, LLC, a/k/a Koch Foods of Chattanooga ("Koch") is an employer of more than 15 persons in its Chattanooga, Tennessee chicken processing plant ("Chattanooga Plant") location as well as across the United States.

1

4. Defendant Jamie Russell ("Russell") is the Hazard Analysis and Critical Control Points ("HACCP") Coordinator at the Chattanooga Plant and had supervisory authority, delegated to her by Kathy Rawlston, over Dailey.

5. Kathy Rawlston ("Rawlston") is the Quality Assurance Manager at the Chattanooga Plant and had management and supervisory authority over Dailey.

## B. VENUE

6. Venue is proper before this Court pursuant to 28 U.S.C §1391(b).

## C. PARTIES

7. Dailey is an individual citizen of the United States of America entitled to the protections afforded by the Constitution of the United States and its various prohibitions against discriminatory treatment in employment.

8. Defendant Koch, is a person within the meaning of 42 U.S.C. §2000e(a) and an employer within the meaning of 42 U.S.C. §2000e(b).

## D. FACTS

9. At all times material hereto, Dailey was actively employed by Koch. As part of her employment, Dailey worked as a Document Control Clerk. The Document Control Clerk in the Quality Assurance Department ("QA Department"). As a Document Control Clerk, Dailey was responsible for compiling documents which complied with Koch's participation in the British Retail Consortium ("BRC") a global consumer food safety certification program. The Document Control Clerk tracks the food safety, quality, and operational criteria required by the BRC. That information is provided to her on various forms by supervisors and managers alike, all compiled for the BRC annual audit which lasts approximately twenty-two (22) hours. The Document Clerk is also responsible for Internal Auditing voluntarily performed by Koch.

2

10. As part of the QA Department's function it manages and supervises the internal audits which are performed quarterly.

11. Dailey was hired January 2015 and was trained during those first few weeks on chicken processing plant environment and production and quality assurance standards of the poultry industry. Dailey also was trained on the BRC standards. Dailey took the initiative by asking for training on Microsoft Excel. Koch granted her the training request.

12. During the sixteen (16) months of her employment, and prior to Koch terminating her, Dailey never received a poor performance write up. In fact, by September 2015, Dailey was performing her job responsibilities and those documenting responsibilities which Russell could not complete timely.

13. Rawlston and Russell were under constant pressure to perform well with the internal audits.

14. Both Rawlston and Russell yelled, cursed, and intimidated Dailey and other current and former employees.

15. Dailey was well liked by her peers.

16. Dailey followed policy and adhered to Koch employment standards.

17. The 2015 audit was disorganized although Dailey was not to blame as she was the newcomer to the QA Department. Neither Rawlston, nor Russell issued any poor performance reviews to Dailey during the 2015 audit year. The Senior QA Director, Ginger Ford,

18. Dailey worked in a small office. The flow of air in the office was often stymied and with the room becoming hot. At this point, Dailey began having seizures. Other employees shared that they felt the same way Dailey did, when at work, although they did not have seizures.

19. Dailey often complained about the quality of the air circulating in the office.

3

20. At all times material hereto, Dailey performed her job satisfactorily. Dailey was friendly to members of the Koch community and fulfilled the duties of her Document Control position.

21. Koch never disciplined Dailey for any performance issues.

22. Dailey did receive a warning for having food in her work area. This had nothing to do with her job duties as Document Control Clerk.

23. At all times material hereto, Koch had a policy against harassment off any kind.

24. Dailey, however, was continually harassed.

25. Dailey had seizures routinely and consistently at work. Koch's only accommodation for her was intermittent leave.

26. In fact, Koch allowed Rawlston and Russell to repeatedly overload Dailey with Rawlston's work in addition to Dailey's regular workload. Dailey's workload would logically be behind when she was out on leave for seizure episodes (the majority of which necessitated hospital care). Despite this, Rawlston demanded Dailey work overtime.

27. After Dailey's seizures began, Rawlston and Russell continually berated Dailey and accused her of "not caring about the audit" as well as disproving of Dailey's work and her work performance. These behaviors engaged in by co-workers and allowed by Koch during Dailey's disability highlights Koch's intentional, willful, and callous treatment of Dailey.

28. Other non-African American employees were treated better than Dailey. They were afforded leave. They were not screamed at, yelled at, or cursed.

29. Dailey tried to correct errors in the documents and during the audit, but was accused of not doing her work and "falling behind". Certain documents retained by Koch demonstrate errors with the audit. Dailey believes these errors to be falsifications. When

4

Rawlston and Russell discovered she knew of the issues, Dailey's time at Koch was limited. Rawlston and Russell piled their work on top of Dailey's own weekly workload and conspired to have her terminated.

30. Rawlston and Russell manipulated Susan Holmes. In fact, Dailey was directed to David Holmes, husband of Susan Holmes, for her worker's compensation and employee grievance claims. Dailey's complaints went unanswered. No other employees experienced this phenomena.

### E. PERVASIVE HARASSMENT

31. Male and Caucasian employees at Koch often were treated differently from Dailey.

32. Male and Caucasian employees were not given the work of others, who were present on the job, to perform on top of their own work.

33. Additionally, employees who were Caucasian were not denied grievance processes, and they were not asked to leave.

34. Dailey often felt uncomfortable when faced with this different treatment.

35. Dailey tolerated the differing treatment.

36. Dailey once reported to HR about the differing treatment, but was met with cynicism and ridicule.

37. The differing treatment did not stop during Dailey's employment.

### F. CLAIMS

#### I. RACIAL DISCRIMINATION

38. Dailey incorporates by reference each and every allegation contained in Paragraphs 1 – 37 and reasserts the same herein.

39. Koch, has discriminated against Dailey, on the basis of her race, African American, in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), among other ways, by:

(a) subjecting Dailey to racial harassment during her employment with Koch, which adversely affected the terms, conditions and privileges of her employment; allowing Russell and Rawlston to belittle, berate, and abuse Dailey; and

(b) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Dailey.

40. Dailey timely filed a charge of discrimination with the EEOC, EEOC Charge No. 494-2016-01498, in which she alleged that she had been subjected to, among other things, racial harassment and retaliation during her employment with Koch pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated Dailey's charge. Since the EEOC was behind on processing charges, some time passed before the EEOC was able to notify Dailey that it began an investigation into her claims of discrimination. The EEOC subsequently sent Dailey Notice of Right to Sue recommending settlement/mediation. *Attached hereto as Exhibit A, is Dailey's Notice of Right to Sue.*

## II. DISCRIMINATION ON THE BASIS OF SEX

41. Dailey incorporates by reference each and every allegation contained in Paragraphs 1 – 40 and reasserts the same herein.

42. Koch, has discriminated against Dailey, on the basis of her gender, female, in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), among other ways, by:

(a) subjecting Dailey to sexual harassment during her employment with Koch, which adversely affected the terms, conditions and privileges of her employment; and

6

(b) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Dailey.

43. Dailey timely filed a charge of discrimination with the EEOC, EEOC Charge No. 494-2016-01498, in which she alleged that she had been subjected to, among other things, sexual harassment and retaliation during her employment with Koch pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated the charge. Since the EEOC was behind on processing charges, some time passed before the EEOC was able to notify Dailey that it began an investigation into her claims of discrimination. The EEOC subsequently sent Dailey Notice of Right to Sue recommending settlement/mediation. *Attached hereto as Exhibit A.*

44. Rawlston and Russell added more work to her workload.

45. This added pressure adversely impacted her intermittent leave and her ability to work while having seizures.

46. Koch executed Dailey's Separation Notice that Dailey said "she could not work with these people [indicating Rawlston, Russell, and Holmes]," declaring that Dailey quit. Such a statement evokes emotion and Koch's action belies its true intention – to get rid of Dailey.

### III. VIOLATION OF REHABILITATION ACT OF 1973

(29 U.S.C. §710 et seq.)

47. Dailey incorporates by reference each and every allegation contained in Paragraphs 1 – 46 and reasserts the same herein.

48. Koch has discriminated against Dailey by denying her reasonable accommodation for her disabilities, including reducing occupational stress as a result of Russell and Rawlston's yelling, cursing, and other mistreatment of Dailey, in violation of the Rehabilitation Act of 1973. 29 U.S.C. §701 et seq., as amended.

7

49. Koch has conducted itself intentionally deliberately, willfully, and in callous disregard of the rights of Dailey.

50. By reason of Koch's discrimination, Dailey is entitled to all legal and equitable remedies available under the Rehabilitation Act.

51. Attorney fees should be awarded under 29 U.S.C. §794(a)(1).

    IV.    CONSTRUCTIVE DISCHARGE AND RETALIATION

52. Dailey incorporates by reference each and every allegation contained in Paragraphs 1 – 51 and reasserts the same herein.

53. Koch has discriminated against Dailey, in violation of § 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), and the Rehabilitation Act of 1973 29 U.S.C. §701 et. seq. among other ways, by:

(a) retaliating against Dailey by constructively discharging her because she complained of a disability at work, namely incapacitating seizures intermittently brought on by an organic condition in addition to the stress meted upon her by Koch employees; complained about her treatment to her supervisor and because she complained about her co-worker's conduct to a supervisor; and

(b) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Dailey.

54. All conditions precedent to the filing of this suit have been performed or have occurred.

WHEREFORE, Dailey prays that the Court grant the following relief:

(a)    Enjoin the defendant from failing or refusing to:

(i) provide sufficient remedial relief to make whole Dailey for the loss she has suffered as a result of the discrimination against her as alleged in this complaint; and

(ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination; or

(b) Award compensatory damages to Dailey as would fully compensate her for injuries caused by the defendant's discriminatory conduct, pursuant to and within the statutory limitations of §710 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq.

(c) Award compensatory damages to Dailey as would fully compensate her for injuries and losses caused by the defendant's negligent retention of its employees Rawlston and Russell.

(d) Award compensatory damages to Dailey as would fully compensate her for injuries and losses caused by the defendant's constructive discharge and retaliation.

(e) Award such additional relief as justice may require, together with plaintiff's costs and disbursements in this action.

## JURY DEMAND

Dailey hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and §710 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq.

RESPECTFULLY SUBMITTED,

BOWE & ASSOCIATES, PLLC

By: _____
Curtis L. Bowe, III (BPR 017037)
*Attorney for Plaintiff*
707 Georgia Avenue, Suite 301
Chattanooga, Tennessee 37402
423.475.6070/423.475.6072

9

Case 1:17-cv-00268-SKL   Document 1   Filed 09/25/17   Page 9 of 10   PageID #: 9

## VERIFICATION

STATE OF TENNESSEE      )
                        )
COUNTY OF HAMILTON      )

    Tchnavian Dailey, being first duly sworn, makes an oath that the statements made in her foregoing Complaint for Discrimination are true as of her own knowledge and belief and her Complaint is not made out of levity or in collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint for Discrimination and that she is justly entitled to the relief herein sought.

*Tchnavian Dailey*
Tchnavian Dailey

Sworn to and subscribed before me this __20__ day of __September__ 2017.

_____
Notary Public

My Commission Expires:

__5/27/18__

[Notary Seal: CURTIS BOWE III, STATE OF TENNESSEE NOTARY PUBLIC, HAMILTON COUNTY]