UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TCHNAVIAN R. DAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-268-SKL |
| | ) |
| KOCH FOODS, LLC, a/k/a KOCH FOODS OF CHATTANOOGA, JAMIE RUSSELL, jointly and severally, personally and individually, and KATHY RAWLSTON, jointly and severally, personally and individually, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This civil action is before the Court on a joint motion to dismiss filed by Defendants Koch Foods, LLC, Jamie Russell, and Kathy Rawlston ("Defendants") [Doc. 13]; and on a motion for leave to amend the complaint filed by Plaintiff, Tchnavian R. Dailey ("Plaintiff") [Doc. 20].

The parties previously agreed and indicated to the Court that "allowing plaintiff 30 days to amend her complaint will render the defendants' motion to dismiss moot." [Doc. 16]. The Court therefore ordered Plaintiff to file her amended complaint and granted her until January 12, 2018, to do so [*id.*]. On January 4, 2018, even though Plaintiff had been ordered to file an amended complaint, Plaintiff filed the instant motion for leave to amend the complaint [Doc. 20]. Plaintiff also filed her amended complaint that same day [Doc. 21]. The Court finds the

motion for leave to amend the complaint was unnecessary in light of the Court's prior order directing Plaintiff to file an amended complaint. Accordingly, the Clerk is **DIRECTED** to terminate Plaintiff's motion for leave to amend the complaint [Doc. 20] because it is moot and to revise the docket to reflect the Document filed at docket entry 21 is the amended complaint. For clarity's sake, the Court notes that Plaintiff's amended complaint is the controlling complaint in this case.

The filing of an amended complaint supersedes an original complaint, rendering an original complaint a nullity in the record and rendering a motion to dismiss the original complaint as moot. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008) ("[A] prior 'complaint is a nullity, because an amended complaint super[s]edes all prior complaints[.]'" (citation omitted)); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (acknowledging that when a plaintiff files an amended complaint, the "new complaint supersedes all previous complaints and controls . . . from that point forward" (citation omitted)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint super[s]edes the original complaint, thus making the motion to dismiss the original complaint moot." (citation omitted)). Accordingly, Defendants' motion to dismiss [Doc. 13] is **DENIED as moot** in light of Plaintiff's amended complaint. *See Pinks v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 90, 90 (6th Cir. 2003) (noting that the district court denied as moot the defendant's motion to dismiss after the plaintiff filed an amended complaint); *City of Morristown v. AT&T Corp.*, 206 F. Supp. 1321, 1325, 1340 (E.D. Tenn. 2016) (denying the defendants' motion to dismiss as moot because it addressed the initial complaint rather than the amended complaint); *see also Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173-STA, 2012 WL 1601313, at *9 (W.D. Tenn. May 7, 2012) ("Courts in this Circuit and others will deny

as moot Rule 12 motions . . . after a plaintiff subsequently files an amended complaint." (footnote omitted)).

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE